UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

GWATHMEY SIEGEL KAUFMAN &
ASSOCIATES ARCHITECTS, LLC,
f/k/a/ GWATHMEY SIEGEL &
ASSOCIATES ARCHITECTS, LLC,

                **Plaintiff,**

            **- against -**

MITCHELL RALES,

                **Defendant.**

-------------------------------------------------- X

**OPINION AND ORDER**

12 Civ. 1983



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

        Gwathmey Siegel Kaufman & Associates Architects, LLC

("Gwathmey"), an architecture firm, seeks injunctive relief and summary judgment

against defendant Mitchell Rales, a former client.  The defendant opposes the

motion for preliminary injunction and moves to stay or dismiss the action pending

arbitration.  For the reasons stated below, plaintiff's motion for injunctive relief

and summary judgment are denied.  Defendant's motion to stay the action pending

arbitration is granted.

## II.    BACKGROUND

1

## A.    The Project

On September 19, 2002, Gwathmey and Rales entered into an architectural service agreement ("the Agreement").[1]  Gwathmey agreed to design a residence, a studio, and a museum for Rales in Rockville, Maryland,[2] known as the "Glenstone Residence, Museum, and Guest House" ("the project").[3]  Gwathmey drafted the Agreement.[4]  A final punch list (inspection list) was issued for the residence on April 5, 2006.[5]  A final punch list was issued for the studio and museum on August 10, 2006.[6]  Gwathmey issued invoices for one hundred percent of the project on May 15, 2006, for the residence, and June 15, 2006, for the studio and museum.[7]  A gala marked the opening of the project on or about September 30,

---

[1]    *See* 4/10/12 Affidavit of Robert Siegel in Support of Plaintiff's Motion for Preliminary Injunction and Summary Judgment ("Siegel Aff.") ¶ 4. *See also* 9/19/02 Agreement Between Owner and Architect ("Agreement"), Ex. 1 to Siegel Aff., at 1.

[2]    *See* Siegel Aff. ¶ 4.

[3]    *See* Defendant's Memorandum of Law in Support of Motion to Stay, or in the Alternative, Dismiss the Action and Opposition Plaintiff's Motion for Preliminary Injunction ("Def. Mem.") at 2.

[4]    *See* 4/21/12 Affidavit of Mitchell Rales in Support of Defendant's Motion to Stay, or in the Alternative, Dismiss the Action ("Rales Aff.") ¶ 4.

[5]    *See* 8/05/06 Punch List No. 6, Ex. 2 to Siegel Aff., at 1.

[6]    *See* 8/10/06 Punch List No. 6 – Studio, Ex. 3 to Siegel Aff., at 1.

[7]    *See* Siegel Aff. ¶¶ 7–8.

2

2006.[8]

## B.    The Agreement

The Agreement contains an arbitration clause requiring some claims to be submitted to arbitration and incorporating the American Arbitration Association's Construction Industry Arbitration Rules ("AAA rules"):

> (Article 7.1) Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.[9]

The AAA rules include a provision providing the arbitrator with the power to rule on his or her own jurisdiction as well as on objections to the scope of the arbitration Agreement.[10]   The arbitration clause also addresses issues of timeliness:

> (Article 7.2) Demand for arbitration shall be filed in writing with the other party to this Agreement with the American Arbitration Association. A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be

---

[8]     *See id.* ¶ 9.

[9]     Agreement at 10.

[10]     *See* R–9 Jurisdiction AAA Rule ("Rule R–9"), Ex. 1 to 4/25/12 Affidavit of Alexander N. Lamme, defendant's counsel, at 13.

3

barred by the applicable statutes of limitations.[11]
The Agreement also contains a provision requiring the application of the
substantive state law of New York, the principal place of business of Gwathmey.[12]
As such, the relevant statute of limitations is three years, pursuant to section 214
(6) of the New York Civil Practice Law and Rules ("CPLR").

### C.    The Arbitration Demand

On May 28, 2010, Rales notified Gwathmey by letter of certain
defects in the project.[13]  Subsequently, both parties entered into a tolling
agreement,[14] which did not preclude statute of limitations defenses that had accrued
prior to the signing the tolling agreement or that might accrue after the suspension
of the tolling agreement.[15]  On or about September 19, 2011, Rales filed a Demand
for Arbitration with the AAA.[16]  Gwathmey filed an answer and a counterclaim,[17]

---

[11]     Agreement at 11.

[12]     *See id.* at 12; Siegel Aff. ¶ 4.

[13]     *See* Siegel Aff. ¶ 10.

[14]     *See id.* ¶ 11

[15]     *See* 7/06/10 Tolling Agreement, Ex. 6 to Siegel Aff., at ¶ 3.

[16]     *See* Siegel Aff. ¶ 12; 9/19/11 Demand for Arbitration, Ex. 7 to Siegel
Aff., at 2.

[17]     *See* Siegel Aff. ¶ 13.

but later withdrew the counterclaim without prejudice.[18]  In its amended answering statement, Gwathmey declined "to participate in any proceedings administered by the American Arbitration Association until . . . a court [had] heard and ruled upon the existence of an agreement to arbitrate Rales' claims."[19]

## III.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20]  "For summary judgment purposes, a 'genuine issue' exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor."[21]  "'A fact is material when it might affect the outcome of the suit under governing law.'"[22]

In a summary judgment setting, "[t]he burden is on the moving party

---

[18]      *See id.* ¶ 14.

[19]      3/19/12 Amended Answering Statement, Ex. 9 to Siegel Aff., at 1.

[20]      Fed. R. Civ. P. 56(a).

[21]      *Sanchez v. Connecticut Natural Gas Co.*, 421 Fed. App'x 33, 34 (2d Cir. 2011) (quoting *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000)).

[22]      *Carter v. Incorporated Village of Ocean Beach*, 415 Fed. App'x 290, 292 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)).

to demonstrate that no genuine issue respecting any material fact exists."[23]  "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim."[24]  In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.  The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'"[25] and cannot "'rely on conclusory allegations or unsubstantiated speculation.'"[26]

In deciding a motion for summary judgment, a court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"[27]  However, "'[c]redibility determinations, the weighing of the evidence, and the drawing of

---

[23]     *Mavrommatis v. Carey Limousine Westchester, Inc.*, No. 10 Civ. 3404, 2011 WL 3903429, at *1 (2d Cir. Sept. 7, 2011) (citing *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994)).

[24]     *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009).

[25]     *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[26]     *Id.* (quoting *Federal Deposit Ins. Corp. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

[27]     *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

6

legitimate inferences from the facts are jury functions, not those of a judge.'"[28]

"'The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'"[29]

### B.   Preliminary Injunction

"'The district court has wide discretion in determining whether to grant a preliminary injunction . . . .'"[30]  Nonetheless, "'[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion.'"[31]  "'A party seeking a preliminary injunction in this circuit must show:  (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's

---

[28]      *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (emphasis removed).

[29]      *Brod*, 653 F.3d at 164 (quoting *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)).

[30]      *International Bus. Mach. Corp. v. Johnson*, 355 Fed. App'x 454, 455 (2d Cir 2009) (quoting *Moore v. Consolidated Edison*, 409 F.3d 506, 511 (2d Cir. 2005)).

[31]      *Sussman v. Crawford*, 488 F.3d 136, 139–40 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

favor.'"[32]  "A preliminary injunction is an extraordinary remedy never awarded as

of right."[33]  "A preliminary injunction preserves the status quo pending final

resolution of litigation."[34]

   "'To satisfy the irreparable harm requirement, [petitioner] must

demonstrate that absent a preliminary injunction [it] will suffer an injury that is

neither remote nor speculative, but actual and imminent, and one that cannot be

remedied if a court waits until the end of trial to resolve the harm.'"[35]  Moreover,

irreparable harm by definition "'cannot be remedied by an award of monetary

damages.'"[36]  In determining whether a plaintiff has demonstrated a likelihood of

success on the merits of the "ultimate case, a court is not called upon finally to

---

[32] *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008)
(quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)).

[33] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)
(citation omitted).

[34] *Bank of N.Y. Co. v. Northeast Bancorp*, 9 F.3d 1065, 1067 (2d Cir.
1993).

[35] *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d
Cir. 2007) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir.
2005)).

[36] *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 97 (2d Cir.
2005) (quoting *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995)).
*Accord Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) ("[W]here monetary
damages may provide adequate compensation, a preliminary injunction should not
issue.").

decide the merits of the controversy[;] . . . [i]t is necessary only that the court find that the plaintiff has presented a strong prima facie case to justify the discretionary issuance of preliminary relief."[37]

## IV.   APPLICABLE LAW — ARBITRABILITY

The determination of whether a dispute is arbitrable under the Federal Arbitration Act ("FAA")[38] consists of two prongs:  "(1) whether there exists a valid Agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration Agreement."[39]  To find a valid Agreement to arbitrate, a court must apply the "generally accepted principles of contract law."[40]  "[A] party is bound by the provisions of a contract that [it] signs, unless [it] can show special circumstances that would relieve [it] of such obligation."[41]  It is well-established that "arbitration is a matter of contract and a party cannot be required to submit to

---

[37]     *Gibson v. U.S. Immigration & Naturalization Serv.*, 541 F. Supp. 131, 137 (S.D.N.Y. 1982) (citation omitted).

[38]     *See* 9 U.S.C. §§ 1–14.

[39]     *Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (quotation marks omitted).

[40]     *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir. 1987).

[41]     *Id.*

arbitration any dispute which [it] has not agreed to so submit."[42]  A court should consider only "whether there was an objective Agreement with respect to the entire contract."[43]  "Whether parties have obligated themselves to arbitrate certain issues, including the question of arbitrability, is determined by state law."[44]

Because there is "a strong federal policy favoring arbitration . . . where . . . the existence of an arbitration Agreement is undisputed, doubts as to whether a claim falls within the scope of that Agreement should be resolved in favor of arbitrability."[45]  Thus, the Second Circuit has emphasized that

> any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  Accordingly, [f]ederal policy requires us to construe arbitration clauses as broadly as possible. We will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.[46]

However, although federal policy favors arbitration, it is a matter of consent under

---

[42]  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotation marks omitted).

[43]  *Genesco,* 815 F.2d at 846.

[44]  *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 945 (1995)).

[45]  *Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002) (quotation marks and citations omitted).

[46]  *Collins & Aikman Prods. Co. v. Building Sys., Inc.,* 58 F.3d 16, 19 (2d Cir. 1995) (quotation marks and citations omitted).  *Accord WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997).

10

the FAA.[47]  When doubts concern who shall decide issues of arbitrability, "the law

then reverses the presumption to favor judicial rather than arbitral resolution."[48]

Thus, an arbitrability issue may only be referred to the arbitrator if "'there is *clear*

*and unmistakable*" evidence from the arbitration agreement, as construed by the

relevant state law, that the parties intended that the question of arbitrability shall be

decided by the arbitrator.'"[49] Clear and unmistakable evidence includes the

incorporation of the AAA Rules into a contract.[50] That contractual agreement

requires both parties to submit issues of arbitrability to the arbitrator.[51]  A district

court may dismiss or stay the action pending the arbitration of arbitrable claims.[52]

## V.    DISCUSSION

### A.    Summary Judgment Is Denied Because the Plaintiff Is Not Entitled to Judgment as a Matter of Law

---

[47]     *See Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (quotation marks omitted).

[48]     *Shaw Grp. Inc.*, 322 F.3d at 120 (citing *First Options of Chi., Inc.*, 514 U.S. at 945).

[49]     *Id.* (emphasis in original) (quoting *First Options of Chi., Inc.*, 514 U.S. at 944).

[50]     *See Contec Corp. v. Remote Solution, Co.*, 398 F.3d 205, 211 (2d Cir. 2005).

[51]     *See id.*

[52]     *See Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92 (2d Cir. 2002).

11

There are no disputes of material fact in this case.[53]  The first issue in this case is an issue of law — namely whether the question of the timeliness of Rales's claims must be arbitrated or may be decided by this Court.[54]  The second issue, also a question of law, is whether the claims are time-barred.[55]  The plaintiff correctly argues that time-barred claims are not arbitrable pursuant to article 7.2 of the Agreement.[56]  However, this does not establish that the *determination* of timeliness is also not arbitrable.[57]

The plaintiff's argument that a court should determine timeliness would have merit if the parties had not incorporated the AAA rules into their

---

[53]     The statements of fact in the plaintiff's Memorandum and the defendant's Memorandum contain no disputed factual issues.  *See* Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction and Summary Judgment ("Pl. Mem."), at 5–9; Def. Mem. at 3–6.  The disputed issues lie in the interpretation of article 7.2 of the Agreement, which raises only an issue of law.  *Compare* Pl. Mem at 17 (arguing that the parties agreed to submit questions of arbitrability to the Court), *with* Def. Mem. at 5 (arguing that the parties submitted all arbitrability issues to the arbitrator).

[54]     *See* Def. Mem. at 3; Pl. Mem. at 19.

[55]     *See* Pl. Mem. at 12.

[56]     *See id.* at 12–15; Agreement at 11.

[57]     *See* Agreement at 11.

Agreement.[58]  However, the AAA rules clearly and unmistakably provide the arbitrator with the power to determine issues of arbitrability,[59] and are in no way abrogated by the "in no event" language in article 7.2.[60]  On the contrary, the language only indicates that certain claims are barred pursuant to the relevant statute of limitations, but says nothing about the arbitrability of whether the claims were timely filed.[61]  Thus, AAA Rule R-9, allowing the arbitrator to determine her own jurisdiction, governs.  Moreover, the Second Circuit stated in *Contec Corp. v. Remote Solution Co.* that parties who incorporate AAA rules into their Agreements are assenting to the arbitration of issues of arbitrability.[62]  Furthermore, there is a valid Agreement to arbitrate, and the particular dispute as to the timeliness of Rales's claims is within the scope of that Agreement.  As a result, plaintiff's

---

[58]     *See* Rule R-9 at 13.  *See also Louis Dreyfus Negoce S.A.*, 252 F.3d at 224 (holding that where the issue is one of arbitrability the federal presumption in favor of arbitration shifts to favor a court determination).  *But See Contec Corp.*, 398 F.3d at 211 (finding an exception to this reversed presumption when the parties have incorporated AAA rules).

[59]     *See* Rule R-9 at 13.

[60]     *See* Agreement at 11.

[61]     *Id.*

[62]     *See* 398 F.3d at 211.  *See also Shaw Grp. Inc.*, 322 F.3d at 124–125 (finding that where the parties had incorporated the rules of the International Court of Arbitration, which empowers arbitrators to decided issues of arbitrability, the parties had assented to arbitrate issues of arbitrability).

motion for summary judgment is denied.[63]

### B.    No Preliminary Injunction Is Warranted

Plaintiff argues that being forced to arbitrate claims that it did not agree to arbitrate constitutes irreparable harm.[64]  However, the plaintiff clearly agreed to arbitrate issues of arbitrability when it incorporated the AAA rules into the Agreement that it drafted.[65]  Therefore, the plaintiff has failed to demonstrate irreparable harm.

The plaintiff has shown a likelihood of success on the merits of the timeliness issue.  The facts demonstrate that the Agreement precludes the arbitration of time-barred claims,[66] and that Rales's claims are likely time-barred, as they were brought more than three years after the completion of the project.[67]  However, the threshold issue of arbitrability must be decided first and must be decided by the arbitrator.  Plaintiff faces no hardship in arbitrating claims it agreed

---

[63]    *See Pyke*, 567 F.3d at 76 (finding that for summary judgment to be appropriate, the movant must be entitled to judgment as a matter of law).

[64]    *See* Pl. Mem. at 10.

[65]    *See supra* Part V.A.

[66]    *See* Agreement at 11.

[67]    *See* Pl. Mem. at 11; C.P.L.R. § 214(6).

to arbitrate.  Further, the tolling agreement is irrelevant,[68] because that agreement preserves statute of limitations defenses that accrue outside the time frame of the tolling agreement.[69]  As a result, plaintiff has failed to demonstrate that it is entitled to a preliminary injunction.[70]

## VI.   CONCLUSION

        For the foregoing reasons, plaintiff's motion for a preliminary injunction and summary judgment is denied.  Defendant's motion to dismiss is granted without prejudice.[71]  Should the parties wish to confirm or vacate the arbitration award, they must bring a separate action that I will accept as a related case.  If the arbitration proceedings are terminated prematurely, either side may

---

[68]        *See* Pl. Mem. at 11.

[69]        *See* Tolling Agreement ¶ 3

[70]        *See County of Nassau, N.Y.*, 524 F.3d at 414 (finding that a motion for preliminary injunction must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor") (citation and quotation marks omitted).

[71]        *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Alter v. Englander*, 901 F. Supp. 151, 155 (S.D.N.Y. 1995); *Hart Enterprises Int'l, Inc. v. Anhui Provincial Import & Export Corp.*, 888 F. Supp. 587, 591 (S.D.N.Y. 1995).

apply to this Court to have this action reinstated.  The Clerk of the Court is directed to close these motions (Docket Nos. 4 and 9).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 15, 2012

16

## - Appearances -

**For Plaintiff:**

Kevin Jude O'Neill, Esq.
Gogick, Byrne & O'Neil, LLP
11 Broadway, Suite 1560
New York, New York 10004
(212) 422-9424

Albert Wesley Mckee, Esq.
Gogick, Byrne & O'Neill, LLP
26 Broadway, Rm 510
New York, New York 10004-1770
(212) 422-9424

James F Lee, Esq.
Lee & McShane, P.C.
1211 Connecticut Ave., NW, Suite 425
Washington, DC 20036
(202) 530-8100

**For Defendant:**

Alexander Nicholas Lamme, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
Mclean, Virginia 22102
(703) 749-3069